## GEROSA et al. v. COLUMBIA METAL STAMPING & DIE CO.

## COLUMBIA METAL STAMPING & DIE CO. v. GEROSA et al.

(Circuit Court of Appeals, Sixth Circuit. October 16, 1925.)

No. 4320, 4403.

1. Patents ⬦129—Defendant charged with joint infringement through conspiracy to violate consent decree against codefendants, held entitled to test validity.

Defendant, charged with joint infringement as result of conspiracy to violate prior consent decree against codefendants holding patent valid, by sale of infringing devices to such codefendants, *held* entitled to test validity of patent, in so far as it had not sold device to parties bound by consent decree.

2. Patents ⬦328—1,263,879, for crank case repair arm, held invalid.

Gerosa patent, 1,263,879, for crank case repair arm, particularly for Ford automobiles, *held* invalid for want of invention.

3. Patents ⬦287—Manufacturer of infringing device for others held chargeable with knowledge of consent decree against them, and liable as joint infringer.

Manufacturer, who discontinued furnishing infringing devices to others on filing of suit against latter, but subsequently after such parties had agreed to discontinue infringement and consented to decree against them, resumed sale to one of them under assumed business names, *held* chargeable with notice of consent decree, and liable as joint infringer in subsequent suit, though patent was therein *held* invalid.

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Anthony Gerosa and the Judson Motor Specialties Company against the Columbia Metal Stamping & Die Company. From the judgment, plaintiffs appeal, and the named defendant cross-appeals. Affirmed on both appeals.

J. King Harness, of Detroit, Mich., for Gerosa and another.

James M. McSweeney, of Cleveland, Ohio (Ray S. Gehr, of Cleveland, Ohio, on the brief), for Columbia Metal Stamping & Die Co.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit for infringement of United States letters patent 1,263,879, known as the Gerosa patent. Joint infringement as a result of conspiracy to violate a consent decree of May 11,

1922, sustaining the validity of the patent as to various corporations controlled and dominated by defendant J. C. Simmons, was also charged. None of the defendants but the Columbia Metal Stamping & Die Company made defense in the court below. That company, not being a party to the consent decree, put in issue the validity of the patent and denied infringement.

The lower court adjudged the patent void for want of invention, except as to those bound by the consent decree, but held the Columbia Company liable as a joint or contributing infringer with the defendant Simmons, in so far as that company had made and furnished to Simmons the alleged infringing devices in violation of that decree. From the adjudication of invalidity the patentee and his licensee have appealed, and on the latter ruling the Columbia Company has filed a cross-appeal.

[1, 2] The right to test the validity of the patent in this proceeding is open to the Columbia Company, in so far as it has not sold the device to those bound by the consent decree. That question was considered in Hudson Motor Specialties Co., etc., v. Apco Manufacturing Co. (D. C.) 288 F. 871, where the patent was adjudged invalid for lack of invention, and the judgment affirmed on appeal to the First Circuit. Gerosa v. Apco Mfg. Co. (C. C. A.) 299 F. 19. The evidence in this case is not different in any substantial respect from that adduced in the Apco Company Case. The testimony as to the functions of the device, as well as that relating to prior uses, is fully set forth in the opinions in that case. We conclude with the District Court that its weight is against validity.

[3] The cross-appeal challenges that part of the decree holding the Columbia Company jointly liable with Simmons as an infringer on the sales made to him. That phase of the judgment rests on the decree of May 11, to which Simmons was privy, in anticipation of which he signed an agreement April 26, 1922, by which he obligated himself no longer to make or sell the infringing device and to destroy or ship to plaintiffs all dies in his possession which had been used in making it. The Columbia Company, before the filing of the suit in which the consent decree was entered, had made the device for the Lake Erie Accessories Company and the other defendants enjoined, which were controlled and dominated by Simmons. After the suit was filed, it discontinued furnishing the device to them, but shortly after the agreement of April 26 was entered into re-

sumed its relations with Simmons under his assumed business names, manufacturing and supplying him with such of the devices as he ordered. It claims that it did not know of the existence of the decree, but the trial judge, after carefully considering the evidence, rightly concluded, we think, that it was chargeable with knowledge thereof, and to the extent that it had furnished the device to Simmons should be held as a tort-feasor, because it knowingly and intentionally had contributed to his infringement.

The judgment on both appeals is affirmed.